MATILDA T. LANDIS, executor, &c., appellant,

*v.*

CUMBERLAND TRUST COMPANY OF BRIDGETON, trustee, &c.,
et al., respondents.

[Decided June 20th, 1921.]

On appeal from a decree of the prerogative court advised by
Vice-Ordinary Leaming, who filed the following opinion:

"The principal controversy herein is whether the provisions
of the first paragraph of the will of Charles K. Landis, deceased,
touching services rendered by his sister, entitles her to receive
interest on $500 from the termination of each year of service
rendered by her.

"The will was drawn in 1898; the paragraph of the will here
in question reads as follows:

" 'I hereby order that all my just debts be paid, and that among these
debts be reckoned five hundred dollars per annum to my sister, Matilda
T. Landis, from the year 1875, for taking care of my children, myself
and aged parents as housekeeper, and also the sum of eighteen hundred
dollars with six per cent. interest for Pennsylvania railroad stock which
she loaned me in time of much distress, in 1877, which I sold and have
not paid her for.'

"This provision of the will is clearly no more than a statement
by testator of certain obligations to his sister, which he
desires to recognize, and a direction that in the settlement of
his estate the obligations so recognized by him shall be classified
as debts.

"One obligation testator specifically describes as interest bearing
at six per cent. per annum from its inception; touching
the other no reference is made to interest. If interest is to be
added on $500 from the end of each year of service it must be
on the theory of a contract, express or implied, to pay for each

year's service at the end of each year; in that event interest would be added as damages for breach of the contract to pay for the service at the end of each of the several annual periods of service. But no contract for payment for the services rendered is referred to by testator, and no evidence of any contract, either express or implied, for payment for the services rendered, exists unless it is to be inferred from the terms of the will above quoted.

"I think it clear that the direction of testator that the rate of compensation stated by him be allowed to his sister as a debt against his estate for the services she had rendered him as housekeeper during the period specified affords no justification for the inference that the services were in fact rendered under contract or in expectation of monetary payment, and were not in fact rendered by the sister as a voluntary service of affection. Much less is the inference justified that there existed any express or implied contract of payment of $500 per year at the end of each year. Testator states no more than that he desires $500 per annum from the year 1875 allowed as a debt against his estate for the services of his sister referred to. To enlarge the amount of the debt to be allowed against the estate by adding interest from the end of each year's service is to assume the existence of contractual relations between testator and his sister which testator has not defined and which no evidence has established. I am fully convinced that the language adopted by testator .in defining the amount of the obligation which he wished reckoned as a debt against his estate must be understood ·as referring to the aggregate amount ascertained by the rate of $500 per year for the aggregate period of service.

"Since the service continued until the death of testator a claim should have been allowed in favor of the sister as a debt of the estate due at that time for the amount .ascertained .as above stated. The status of that debt would then necessarily be the same as any other debt against the estate of like class due at that time. It is not a legacy, since it is expressly directed by testator that it is to be reckoned as one of the debts of his estate. As a debt of the estate due at the death of testator it will draw interest from that date on the aggregate amount ascertained in

*92 N. J. Eq.*      Landis *v.* Cumberland Trust Co.

the manner already stated. With the amount of his debt ascertained in this manner the amount of the surcharge is a mere matter of mathematical calculation. If the principal has been reduced from time to time by partial payments, interest, of course, ceased on the amounts so paid from the times of such payments.

"The charge for commissions is clearly without legal support. These include $1,200 withdrawn by executrix on December 18th, 1909, and $344.25 withdrawn on June 30th, 1906.

"It is also clear that the orphans court properly reserved to exceptants the right to renew certain objections at a proper time.

"The decree of the orphans court appealed from is accordingly confirmed in all things except as to the surcharge for services as housekeeper. That surcharge, ascertained as herein directed, may not be the exact amount contained in the decree. To ascertain that surcharge with exactness the orphans court should now calculate the amount due for interest in the manner hereinabove stated and deduct that amount from the amount which appears in the accounts of the executor as having been withdrawn as interest. The excess of withdrawal will, of course, bear interest against executrix from its date of withdrawal. If the accounts on file, which were not made a part of the record on appeal, do not disclose the dates when the principal was withdrawn by the executrix, the orphans court may proceed to ascertain such dates in aid of the calculation of interest due on the debt.

"With these instructions the record will be remitted to the orphans court. Since the decree of the orphans court is substantially accurate, and appellant fails in her grounds of appeal, respondents will be entitled to costs."

*Mr. Herbert C. Bartlett* and *Mr. Charles K. Landis, Jr.,* for the appellant.

*Mr. James S. Ware, Mr. Leverett Newcomb* and *Mr. William J. Kraft,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Ordinary Leaming.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—12.

*For reversal*—None.